# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

PAUL CHARBONNET                                    CIVIL ACTION

VERSUS                                             NUMBER _____

CHESTER CHARLES MALVEAUX


**COMPLAINT FOR INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT, FOR DISTRIBUTION OF LLC ASSETS, FOR DAMAGES FOR BREACH OF FIDUCIARY DUTY, FOR UNFAIR TRADE PRACTICES, and FOR RETURN OF CONVERTED PROPERTY.**


NOW INTO COURT through undersigned counsel comes Plaintiff PAUL CHARBONNET (hereinafter "Charbonnet"), who avers as follows

## JURISDICTION AND VENUE

1.

This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331. As will be more fully stated below, Charbonnet asserts a cause of action and seeks an injunction and other remedies pursuant to 17 U.S.C. §101 et seq., the Copyright Act of 1976. This Honorable Court is authorized to exercise supplemental jurisdiction over Charbonnet's claims made under state law pursuant to 28 U.S.C. § 1367.

2.

Venue in the Middle District Court of Louisiana is proper pursuant to 28 U.S.C. §1391, in as much as it is the judicial district in which the defendant resides and a

1

substantial part of the events or omissions giving rise to Charbonnet's claims occurred in Baton Rouge, Louisiana.

## THE PARTIES

3.

Plaintiff Charbonnet is an individual of the full age of majority domiciled and residing in Baton Rouge, Louisiana. He brings his action in his individual capacity and as a member of the former Atmosphere Aerial, LLC (charter no. 41610001K), a Louisiana Limited Liability Company with its registered office in East Baton Rouge Parish, Louisiana (hereinafter "Atmosphere Aerial") and as a member of the current Atmosphere Aerial, LLC (charter no. 41950076K), a Louisiana Limited Liability Company with its registered office in East Baton Rouge Parish, Louisiana (hereinafter "AA II").

4.

Made defendant herein is CHESTER CHARLES MALVEAUX, (hereinafter "Malveaux") an individual of the full age of majority, domiciled and residing in Baton Rouge, Louisiana, who is also a member of the former Atmosphere Aerial, LLC.

## GENERAL AVERMENTS

5.

Charbonnet and Malveaux together formed Atmosphere Aerial, LLC, a Louisiana limited liability company which was registered with the Louisiana Secretary of State, charter number 41610001K, on August 12, 2014. The LLC's Initial Report lists its registered office at 14490 Tiger Bend Road, Baton Rouge, Louisiana 70817, lists

Malveaux as Manager, and Charbonnet as Member. A certified copy of the Articles of Organization and Initial Report are attached hereto as Exhibit A.

6.

Although Malveaux was not listed as a Member, it was the intention of the parties that he was, in fact, a member of Atmosphere Aerial, and he was always treated by Charbonnet and Atmosphere Aerial as such.

7.

Atmosphere Aerial did not have a written operating agreement.

8.

Charbonnet and Malveaux, as the only two members of Atmosphere Aerial, each owned a 50% interest in Atmosphere Aerial.

9.

Atmosphere Aerial was in the business of aerial photography and videography.

10.

Charbonnet and Malveaux, in their individual capacities, each purchased equipment used by Atmosphere Aerial and paid LLC expenses as capital contributions and with the intent that their capital accounts would be returned by Atmosphere Aerial in full.

## CLAIMS FOR RELIEF

## Copyright Infringement

11.

During the duration of Atmosphere Aerial's existence, Atmosphere Aerial used an Atmosphere Aerial, LLC logo which, along with the name "Atmosphere Aerial" was created by Charbonnet in 2014 prior to formation of the LLC (hereinafter, the "Logo"). Charbonnet holds a registered federal copyright to the Logo (registration number VAu 1-222-318) with an effective registration date of July 13, 2015. A copy of the registration Logo is attached hereto as Exhibit B.

12.

Atmosphere Aerial (41610001K) was dissolved by an Affidavit to Dissolve, filed July 9, 2015 by Malveaux and Charbonnet. A certified copy of the Affidavit to Dissolve is attached hereto as Exhibit C.

13.

After dissolution, Charbonnet registered a new entity also named Atmosphere Aerial, LLC with the Louisiana Secretary of State on July 9, 2015 with the charter number 41950076K (hereinafter "AA II"). Charbonnet is the sole member of AA II.

14.

Charbonnet, as the sole member of AA II, registered the Logo as a trademark, service mark, and trade name with the Louisiana Secretary of State under the name of AA II.

15.

As of the date this suit is filed, Malveaux has continued to use, reproduce and publish the Logo in association with Atmosphere Aerial Media, LLC, (hereinafter, "AA Media") an LLC he formed after Atmosphere Aerial was dissolved.

16.

As of the date this suit is filed, Malveaux has maintained "www.atmosphereaerialmedia.com", and "www.atmosphereaerialcinema.com," websites which incorporate the Logo. The "atmosphereaerialmedia.com" and "atmosphereaerialcinema.com" websites were established by Malveaux after the dissolution of Atmosphere Aerial. Upon information and belief, Malveaux has also used, reproduced, or published the Logo in other contexts, such as on business cards, t-shirts, etc.

17.

Charbonnet and AA II have not authorized, licensed, permitted or otherwise approved Malveaux's use, reproduction or publishing of the Logo created by Charbonnet and registered to AA II.

18.

As a direct and proximate result of the foregoing acts and conduct, Charbonnet has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Charbonnet is informed and believes and on that basis averred that unless enjoined and restrained by this Court, Malveaux will continue to infringe Charbonnet's rights in the Logo. Charbonnet is entitled to permanent injunctive relief to restrain and enjoin Malveaux from continuing the infringing conduct, pursuant to 17 U.S.C. § 502.

**Improper Management of LLC and Breach of Fiduciary Duty**

19.

During Atmosphere Aerial's existence, Malveaux handled the Atmosphere Aerial bank account, and did not give Charbonnet access to the bank account until the last week of Atmosphere Aerial's existence.

20.

During Atmosphere Aerial's existence, Malveaux would not consult with Charbonnet regarding payments and expenses paid by Atmosphere Aerial, despite Charbonnet's requests to be consulted.

21.

Once Atmosphere Aerial had sufficient profits to make returns on capital accounts, Malveaux received a full return of his capital account, and denied Charbonnet his request for a return of his capital account.

22.

Upon information and belief, Malveaux personally retained a $6,555 insurance claim paid by Atmosphere Aerial's insurer during or around April 2015, which was due to Atmosphere Aerial, LLC for damage sustained to equipment owned by Atmosphere Aerial and insured under Atmosphere Aerial's insurance policy.

23.

Upon information and belief, Malveaux over-compensated himself for equipment he purchased as capital contributions to the LLC, or in the alternative, accepted an unequal distribution of profits.

24.

At the time of Dissolution, Charbonnet's capital account equaled no less than $3,619.20, as reflected by the accounting attached as Exhibit D. Charbonnet's full capital account has never been returned and he has an outstanding claim against the LLC for $3,619.20.

25.

At the time of dissolution, Malveaux's capital account equaled no more than -$7,971.75, as reflected by Exhibit D, indicating that Malveaux was over-compensated for his capital account at the time of dissolution, or in the alternative, accepted an unequal distribution of profits.

26.

At the time of dissolution, the total value of the equipment owned by Atmosphere Aerial equaled no less than $26,221.94, as reflected by Exhibit D.

27.

At the time of dissolution, there were no outstanding debts owed by Atmosphere Aerial to third parties, except for the outstanding capital account owed to Charbonnet.

28.

Upon dissolution, in accordance with the Louisiana Limited Liability Company Law, all assets of the LLC are to be distributed to the members in equal proportions, after debts are paid, the LLC satisfies liability for distributions, and capital contributions are returned to members.

29.

Charbonnet, as one of the two members of Atmosphere Aerial, LLC, is entitled to one-half (1/2) the value of the LLC's assets at the time of dissolution, including any bank accounts, equipment, and intellectual property.

30.

However, subsequent to the LLC's dissolution, Malveaux personally retained 100% of the LLC's profits and all of the LLC's assets.

31.

As manager of Atmosphere Aerial, Malveaux owed a fiduciary duty to the LLC and Charbonnet.

32.

As a member and manager of Atmosphere Aerial and as the sole party with access to the LLC's bank account, Malveaux, through his fiduciary duty, was required to see to it that the LLC's profits were properly distributed among the members during the duration of the LLC.

33.

As a member and manager of Atmosphere Aerial and as the sole party with access to the LLC's bank account during the entire duration of Atmosphere Aerial's existence, Malveaux, through his fiduciary duty, was required to see to it that upon dissolution the members' capital accounts were returned and the LLC's assets were properly distributed, in accordance with Louisiana LLC Law.

34.

Malveaux's failure to properly distribute profits, return capital accounts, and distribute LLC assets is a breach of his fiduciary duty.

35.

On July 3, 2015, just six days prior to filing the affidavit of dissolution, Malveaux, in his individual capacity and unbeknownst to Charbonnet, filed an application with the U.S. Trademark and Patent Office seeking to acquire a service mark for the name "Atmosphere Aerial" as a standard character mark (serial number 86682762).

36.

In his application, Malveaux includes a verified declaration specifying that he, in his individual capacity, believed that he is the owner of the mark sought to be registered and that no other person has the right to use the mark in commerce. A copy of Malveaux's TEAS Plus Application is attached as Exhibit E.

37.

At the time the service mark application was filed, Malveaux was certainly aware that the entity Atmosphere Aerial, LLC, was and had been using the name "Atmosphere Aerial" in commerce and that Charbonnet and/or Atmosphere Aerial had a claim of ownership over the mark and a right to use the mark.

38.

This trademark application was made fraudulently, in bad faith, and for personal gain, as an attempt to receive trademark protection for a name that was originally created by Charbonnet and was being used in commerce by Atmosphere Aerial, LLC, as an entity, at the time Malveaux's application was filed. As of the date this complaint is filed, Malveaux's application has not yet been published in the Official Gazette of the Patent and Trademark Office in accordance with 15 USC §1062(a), and therefore Charbonnet has not yet had an opportunity to file a Notice of Objection to Malveaux's application, in accordance with 15 USC §1063.

39.

Malveaux's actions described in paragraphs 35-38 further constitute a breach of his fiduciary duty.

## Conversion of Charbonnet's Personal Property

40.

Malveaux is in possession of at least three pieces of equipment, including a DJI F550 drone, Futaba 7c control, and an SKB hard case, that are Charbonnet's personal property. Malveaux has refused to return the property upon demand and has converted the property for his own use. Upon information and belief, this equipment has sustained damage while under Malveaux's control.

41.

As the rightful owner of the property described in Paragraph 40, Charbonnet is entitled to have his property returned to him, along with compensation for any damages caused to the equipment since Atmosphere Aerial, LLC's dissolution, pursuant to Louisiana Civil Code article 2315.

**<u>Unfair Trade Practices</u>**

42.

Malveaux has no entitlement to his disproportionate share of Atmosphere Aerial's assets and profits, Charbonnet's personal property, or the Logo, and his appropriation and continued use thereof has caused and continues to cause Charbonnet an unfair disadvantage in the marketplace.

43.

Malveaux has participated in immoral, unethical, unscrupulous, deceptive and unfair trade practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, *et seq*. Malveaux's actions described in Paragraphs 5-40 infringe Charbonnet's copyright, constitute a breach of Malveaux's fiduciary duty, and have effectively deprived Charbonnet any meaningful opportunity to attract clients, all as an attempt for Malveaux to seek a competitive advantage in the marketplace.

44.

A copy of this Petition, after filed, will be forwarded to Attorney General of the State of Louisiana, putting him on notice of the Defendant's actions.

45.

On August 18, 2015, Charbonnet issued a written demand to Malveaux regarding all of the issues raised in this Petition at his known current address, via certified U.S. Mail, return receipt requested, which was not claimed by Malveaux. On September 9, 2015, Charbonnet again sent the same demand to Malveaux via regular U.S. mail, which has not been returned. Copies of these letters and the returned certified letter are attached as Exhibit F. Despite his efforts to amicably resolve this issue with Malveaux, Charbonnet has received no response whatsoever from Malveaux.

WHEREFORE, Paul Charbonnet prays that this complaint be deemed good and sufficient, and that after service and citation, and due proceedings, that a judgment be entered in his favor for the following:

1) That a permanent injunction issue prohibiting Chester Charles Malveaux from publishing, reproducing, or otherwise infringing Paul Charbonnet's copyright in the Atmosphere Aerial logo (U.S. Copyright registration number VAu 1-222-318).

2) That Charbonnet's capital contributions are returned to him in accordance with the Louisiana Limited Liability Company Law;

13

2) That Malveaux return the $6,555 insurance payment to the Atmosphere Aerial, LLC to be counted toward the LLC's assets;

3) That one-half of Atmosphere Aerial LLC's assets remaining after the return of Charbonnet's capital contribution be distributed to Charbonnet;

4) That Malveaux be ordered to pay any damages that have resulted from his failure to properly distribute assets;

6) That Malveaux be ordered to return to Charbonnet the DJI F550 drone, Futaba 7c control, and an SKB hard case that Malveaux has retained, along with compensation for any damages caused to the equipment since Atmosphere Aerial, LLC's dissolution;

7) For any and all damages as may be appropriate and just under the law, including but not limited to those damages provided under La.R.S. 51:1401, *et seq*. and 17 USC §101 *et seq*.

8) For attorney fees as provided by La.R.S. 51:1401, *et seq*; and

9) For all other equitable relief as provided by law.

BY ATTORNEY:

  /s/ Anne K. Smith        

Anne K. Smith
Bar Roll No. 34614
David H. Ogwyn
Bar Roll No. 27593
Michael E. Platte
Bar Roll No.
OGWYN LAW FIRM, LLC
4224 Bluebonnet Blvd. Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 302-7188
Facsimile: (225) 302-7652

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PAUL CHARBONNET**                                    **CIVIL ACTION**

**VERSUS**                                                        **NUMBER** _____

**CHESTER CHARLES MALVEAUX**

## VERIFICATION

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

    Before me, the undersigned Notary Public, personally came and appeared PAUL CHARBONNET, who being duly deposed and sworn said that the allegations of fact in the foregoing Complaint are true and correct.

_____
PAUL CHARBONNET

    Sworn to and subscribed before me, this 19th day of November 2015, at Baton Rouge, Louisiana.

_____
Anne K. Smith
Notary Public
Bar Roll No. 34614