# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PAUL CHARBONNET**

                                        **CIVIL ACTION**

**v.**

                                      **NO. 15-799-JWD-RLB**

**CHESTER CHARLES MALVEAUX**

## <u>RULING AND ORDER</u>

This matter comes before the Court on the Motion to Dismiss (Doc. 31) filed by Defendant Chester Charles Malveaux. In a previous order (Doc. 32), the Court exercised its discretion to convert Defendant's Motion to Dismiss into a Motion for Summary Judgment. Subsequently, *pro se* Plaintiff Paul Charbonnet opposed the motion. (Doc. 47.)  Oral argument is not necessary.

Plaintiff brings a claim for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.* (Doc. 1 at 1, 5.) Plaintiff claims that Defendant is "us[ing], reproduc[ing], and publish[ing]" Plaintiff's copyrighted work in violation of Plaintiff's copyright. (Doc. 1 at 5.) According to Plaintiff, he has not "authorized, licensed, permitted, or otherwise approved [Defendant's] use, reproduction or publishing of" his copyrighted work. (Doc. 1 at 5.) As a result, Plaintiff seeks "permanent injunctive relief to restrain and enjoin [Defendant] from continuing the infringing conduct, pursuant to 17 U.S.C. § 502." (Doc. 1 at 6.)  Lastly, Plaintiff also submits several state law claims for improper management and breach of fiduciary duty, conversion, and unfair trade practices.

In the instant motion, Defendant contends that he has a co-ownership interest in the copyrighted material at issue. As a result, Defendant argues, he cannot be an infringer of a copyright he owns.

Having carefully reviewed the law, the facts in the record, and the arguments and submissions of the parties, the Court finds that Defendant's motion should be denied. Defendant has failed to support his claim of co-ownership beyond conclusory statements. Conversely, Plaintiff has provided a Certificate of Registration issued by the U.S. Copyright Office; this certificate serves as *prima facie* evidence that he is the sole owner of the copyright.  Moreover, even if the certificate is invalid, Plaintiff directly rebuts Defendants claim of co-ownership. As a result, there is a genuine issue of material fact regarding ownership of the copyrighted material, and summary judgment is not warranted.

## I.    Factual Background

### A.  Preliminary Procedural Issue

Preliminarily, most of the following factual background is taken from the complaint (Doc. 1).  Ordinarily, this is not proper summary judgment evidence. *See* Fed. R. Civ. P. 56(c).

However, the Plaintiff's complaint is verified. (Doc. 1 at 16.) In *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* the Fifth Circuit stated: "We have previously held that 'verified pleadings may in some circumstances be treated as affidavits in support of a motion for summary judgment.' *Id.*, 831 F.2d 77, 80 (5th Cir. 1987) (citing *Fowler v. S. Bell Tel. & Tel. Co.,* 343 F.2d 150, 154 (5th Cir. 1965); *Gordon v. Watson*, 622 F.2d 120, 122 (5th Cir. 1980)). Nonetheless, pleadings, like summary judgment affidavits, must meet Rule 56(e)'s requirement that statements "shall be made on personal knowledge, shall set forth such facts as would be admissible evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Id.* (citing Fed. R. Civ. P. 56(e)); *see also Sheinkopf v. Stone,* 927 F.2d 1259, 1262 (1st Cir. 1991) (stating that a verified complaint should be treated as the functional equivalent of an affidavit as long as it satisfies the requirements of Rule 56(e)); *Fowler,* 343 F.2d at 154 ("summary judgment

2

is not warranted unless the verified pleadings meet the standards for affidavits laid down by Rule 56(e) . . . verification must be on personal knowledge alone . . . [not] verified only on 'knowledge, information, and belief.').  Accordingly, the Court will treat Plaintiff's allegations as an affidavit opposing summary judgment, provided that they are based on personal knowledge and are otherwise admissible.

### B.  Formation of Atmosphere Aerial, LLC

Plaintiff Paul Charbonnet is a resident of Baton Rouge, LA. Chester Charles Malveaux is also a resident of Baton Rouge, LA. (Doc. 1 at 2.)

Together, Plaintiff and Defendant formed "Atmosphere Aerial, LLC" ("AA I"), a Louisiana Limited Liability Company, registered with the Louisiana Secretary of State on August 12, 2014. (Doc. 1 at 2; Doc. 38-1 at 1.) According to Plaintiff's complaint, AA I was engaged in the business of aerial photography and videography. (Doc. 1 at 3.) Although Plaintiff was listed as a member and Defendant was listed as the manager in AA I's Initial Report, it was the parties' intention that Defendant be a member of AA I as well. (Doc. 1 at 2–3.) Defendant was treated as such. (*Id.*) Plaintiff asserts that Plaintiff and Defendant were the only two members of AA I and each owned a 50% interest in the company. (Doc. 1 at 3.) However, Defendant asserts that Plaintiff's interest in AA I was "no more than 50%," while Defendant had the remaining interest. (Doc. 38-1 at 1.) AA I did not have an operating agreement. (Doc. 1 at 3.)

Plaintiff stated that both Plaintiff and Defendant, in their individual capacities, "purchased equipment used by [AA I] and paid LLC expenses as capital contributions . . . with the intent that their capital accounts would be returned by [AA I] in full." (Doc. 1 at 3.) Defendant asserts in his affidavit that "he contributed all of the funds for its operations, and [his] . . . ability to pilot the

drones used" while Plaintiff "only contributed his ability as a cameraman and his familiarity with website art software." (Doc. 31-3.)

AA I was dissolved by an Affidavit to Dissolve on July 9, 2015. (Doc. 1 at 3; Doc. 38-1 at 1; Doc. 1-3.) After AA I was dissolved, Plaintiff "registered a new entity also named Atmosphere Aerial, LLC [AA II] with the Louisiana Secretary of State on July 9, 2015 . . . [Plaintiff] is the sole member of [("AA II")]. (Doc. 1 at 4; Doc. 31-1 at 2.) Further, Plaintiff "registered the Logo as a trademark, service mark, and trade name with the Louisiana Secretary of State under the name of [AA II]." (Doc. 1 at 5.) After the dissolution of AA I, Defendant formed Atmosphere Aerial Media, LLC ("AA Media"). (Doc. 1 at 5.)

### C.  Creation and registration of the logo

Plaintiff declares in his complaint that he created a logo containing the name "Atmosphere Aerial" (the "Logo") on March 28, 2014. (Doc. 1 at 4; Doc. 47 at 1; Doc. 47-1.)



The Logo was registered by Plaintiff in his own name on July 13, 2015. (Doc. 31-2; Doc. 47-2.) The registration lists Plaintiff as sole author, copyright claimant, and the only person with rights and permissions to the logo. (Doc. 47-2.)

4

Defendant, through his affidavit, asserts that Plaintiff and Defendant jointly designed the Logo. (Doc. 31-3.) Defendant also asserts that the Logo was created *for* AA I. (Doc. 38-1 at 1.) The Logo was not used before AA I's creation. (Doc. 31-3.) Additionally, Defendant also states in his affidavit that "[o]nce [AA I] was in business the Logo was regularly used in commerce" by AA I. (Doc. 38-1 at 1.) Defendant also provided a newspaper article from *The Advocate* and images of T-shirts containing the Logo as evidence that the Logo was created for AA I. (Doc. 38 at 2–3; Doc. 38-1 at 1–8.)

## II.   Relevant Standards

### A.   Rule 56 Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor

of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### B.  Standard for *Pro Se* Litigants

Both Plaintiff and Defendant have, at various times throughout this case, proceeded *pro se*. (*See* Doc. 1 at 15; Doc. 31.)  Defendant was represented by counsel when he submitted the instant motion (*See* Doc. 31), but his reply was a *pro se* filing. (Doc. 53.)[1]  Plaintiff, on the other hand, was represented by attorneys when he filed his complaint (Doc. 1) but not when he filed his "opposition" to the instant motion. (*See* Doc. 47.)

"A document filed *pro se* is to be liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Consequently, the Court will liberally construe the documents submitted by the litigants while proceeding *pro se*.

### III.   Discussion

### A.  Parties' Arguments

### 1. Defendant's arguments

### a.  Summary

Defendant argues that he is entitled to summary judgment because the logo was jointly created and/or jointly owned by both Plaintiff and Defendant, thus the Plaintiff has not alleged a valid copyright infringement claim. (Doc. 31-1 at 1.) Defendant also argues that the remaining causes of action are state law claims that can only be included in this suit by the Court's exercise of supplemental jurisdiction where there exists proper original jurisdiction. (Doc. 31-1 at 1.) Since the Plaintiff has failed to allege a valid copyright infringement claim, the Plaintiff's other claims should be dismissed for lack of subject matter jurisdiction.

---

[1] Subsequently, a different attorney enrolled on behalf of the Defendant. (*See* Docs. 58–59.)

### b.   The Logo is a joint work

Defendant argues that the "design and creation of the logo at issue was a joint effort by [Defendant] and Plaintiff" and, as such, was co-owned by the parties, pursuant to 17 U.S.C. §201(a). (Doc. 31-1 at 2.) The Defendant, in the affidavit in support of his motion, states that during Defendant's and Plaintiff's discussions in 2013–2014 regarding the formation of AA I, the parties jointly designed the logo. (Doc. 31-3 at 1.) Since the parties were co-creators and co-owners of the logo, each owner has a "full right to use the copyrighted work. Thus, [Defendant] . . . cannot infringe upon a copyright on a work that he co-owns." (Doc. 31-1 at 2.)

### c.   Effect of the Logo's registration with the U.S. Copyright Office

Further, the Defendant argues that the Plaintiff's registration of the logo, listing only the Plaintiff as the sole author, copyright claimant, and the only person with rights and permissions to the logo does not answer the question of actual ownership of a copyright under 17 U.S.C. §106. (Doc. 31-1 at 4.) Defendant contends that actual ownership "attaches to a work whenever the copyright owner publically distributes or displays the work." (Doc. 31-1 at 4 (citing 17 U.S.C. § 401.).)[2] Further, Defendant states that "a work may be *registered* with the U.S. Copyright office, but registration is not a condition of copyright protection." (Doc. 31-1 at 4 (citing 17 U.S.C. § 408).) Thus, Defendant concludes:

> [T]he seminal question is not whether the logo at issue was registered with the U.S. Copyright office, but who owns the work. [Defendant] maintains that the work was jointly owned and thus, Plaintiff's registration of the work with the Copyright office without stating in his application that the work was co-owned appears to be fraud on the U.S. Copyright office.

---

[2] It should be briefly mentioned that Defendant's citation to 17 U.S.C. § 401 for the proposition stated is inaccurate. As will later be discussed, copyright ownership is determined once an "original work [] of authorship" has been "fixed in any tangible medium of expression, now known or later developed, for which . . . [it] can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). 17 U.S.C. § 401 merely deals with when notice of copyright protection can be placed on a copyrighted work. *See* 17 U.S.C. § 401.

(Doc. 31-1 at 4.)

### d.   The Logo was the property of AA I

In the alternative, Defendant argues that "even if [the logo] had not been co-created . . . it was created for and the property of [AA I]." (Doc. 31-3 at 3.) Defendant looks to the work for hire doctrine under 17 U.S.C. §201(b) in support of his argument that the logo was the property of AA I. (Doc. 31-1 at 3.) According to Defendant, "when a work was created for hire, then the employer (or LLC in this case) for whom the work was prepared is considered the owner." (Doc. 31-1 at 3.) Defendant contends that "the logo was never used before the formation of [AA I]. Thus there can be no doubt that the logo was created for [AA I]." (Doc. 31-1 at 3.) Defendant states that the purpose of the logo's creation is clear because one can "observe that [the logo] was uniquely designed for [AA I]." (Doc. 31-1 at 3.)

Further, Defendant contends that when AA I was formed, the logo "was either jointly contributed or contributed by Plaintiff as part of the capital contribution required when forming an LLC." (Doc. 31-1 at 3.) Defendant claims that since the logo was a part of AA I's assets, and because there was never a valid transfer of the logo's ownership to either the Plaintiff in his personal capacity or AA II, the copyright "remains incorporeal movable property co-owned by the two owners of [AA I] [(i.e. Plaintiff and Defendant)]." (Doc. 31-1 at 3.) A transfer of copyright ownership of the logo required an instrument of conveyance, or a note or memorandum of transfer, in writing and signed by the copyright owner or its agent. (Doc. 31-1 at 3 (citing 17 U.S.C. § 204(a)).) According to Defendant, since he was the manager of AA I, any writing transferring ownership from AA I to Plaintiff in any capacity would have to be signed by him or the owner of the logo (which he asserts to be AA I). (Doc. 31-1 at 3.) No such writing exists, and, thus, the

copyright is jointly owned by Plaintiff and Defendant because they were co-owners of AA I. (Doc. 31-1 at 4.)

### 2. Plaintiff's Arguments

#### a. The logo is not a joint work-it is the sole work of the Plaintiff

Plaintiff begins his response to Defendant's argument by stating that neither Defendant nor any of his companies ever "owned any part of the [logo]." (Doc. 47 a 1.)[3] Plaintiff's position is that he is the "sole creator, author, and owner" of the logo (Doc. 47 at 1), directly opposing Defendant's position that the logo was a joint work. In support of this position, Plaintiff references what appears to be a screenshot from a computer in which there is a document containing the logo, which is time stamped as "created" on "Friday, March 28, 2014 at 1:07 PM." (Doc. 47-1.) Further, Plaintiff argues that he is the sole creator and author under of the logo under 17 U.S.C. § 102, and the use of the logo by "[AA I] does not grant [Defendant] any ownership in the logo nor allow [Defendant] to dictate the use of the logo." (Doc. 47 at 3.)

#### b. The logo is registered to Plaintiff in his individual capacity

Plaintiff also responds to Defendant's arguments regarding the effect of copyright registration by stating that he "*legally* filed and was granted the Copyright by the United States Copyright Office *making* [Plaintiff] the copyright holder for the…Logo." (Doc. 47 at 1) (emphasis added).)

#### c. The logo was not a work for hire

In response to Defendant's argument that even if the logo was created solely by the Plaintiff, it was created for and thus owned by AA I, Plaintiff argues that because the logo was

---

[3] Plaintiff's counter arguments are found in Plaintiff's objections to Defendant's Statement of Undisputed Facts. However, the Court will construe the document liberally as also serving as the Plaintiff's opposition to Defendant's Motion for Summary Judgment.

created prior to the formation of AA I, "Defendants [sic] claim that the logo was created for the use of [AA I] is chronically [sic] impossible."[4] (Doc. 47 at 3.) Plaintiff declares that the logo was created on March 28, 2014, but the formation of AA I was not until August 12, 2014. (Doc. 47 at 3.) Instead, Plaintiff asserts that, as copyright author and owner of the logo, he allowed AA I to use the logo, but never transferred his ownership or rights in the logo. (Doc. 47 at 3.) Plaintiff goes on to say that once AA I was dissolved the "rights to use the logo was [sic] then revoked to only be used by the creator and copyright holder [(i.e. the Plaintiff)]." (Doc. 47 at 3.)

### d.  No operations agreement was signed

Plaintiff continues to attack the Defendant's claim of ownership in the logo made through Defendant's ownership in AA I by stating:

> Being that no operations agreement was signed the handling of the dissolved companies profits, assets, contributions to capital must adhere to the Louisiana Law Title 12. Notably RS 12:1335.1, RS 12:1336, RS 12:1337, [and] RS 12:1321. The claim that defendant makes that the [logo] was used on T-shirts in a newspaper article does not give [Defendant] ownership of any kind to the logo as that the Plaintiff . . . is the executive creator and owner of the [logo].

(Doc. 47 at 3–4 (sic).)

### e.  The Court already ruled on Jurisdiction in Plaintiff's favor

The Plaintiff also argues that this Court has already ruled on its jurisdiction over the Plaintiff's claims. (Doc. 47 at 4.)

### 3. Defendant's Reply to Plaintiff's Objections in Opposition to Defense Motion for Summary Judgement

In his response to Plaintiff's arguments, Defendant reasons that the issue of whether Plaintiff was the sole creator of the logo or whether it was jointly created by Plaintiff and Defendant is immaterial for ruling on this motion. (Doc. 53 at 1.) Defendant explains that there

---

[4] The Court assumes that Plaintiff meant that Defendant's claim is *chronologically* impossible.

are "undisputed" "salient facts" that decide the issue of ownership. (Doc. 53 at 1–2.) According to Defendant, "[The Defendant's] affidavit establishes that the LOGO regardless of who created it was created through joint venture between the Plaintiff and the Defendant for the benefit of [AA I]." (Doc. 53 at 2.) "The fact that the logo was created for and on behalf of [AA I] is not disputed by the defendant and is apparent on the face of the LOGO which bears the name 'Atmosphere Aerial' as part of the logo itself which clearly demonstrates its creation for [AA I]." (Doc. 53 at 2.) Defendant continues: "Therefore under 17 USC section 201 paragraph b the ownership of the LOGO lies with [AA I] for which it was created and or for the Joint Venture between the Plaintiff and Defendant for creation thereof." (Doc. 53 at 2.) Concluding, Defendant argues that any claims of ownership that Plaintiff may have made in its petition are "conclusory allegations of law which must be ignored. The undisputed fact show that as a matter of law there was joint ownership of the LOGO." (Doc. 53 at 2.)

### B.  Analysis

In resolving this motion, the material issue before the Court is the ownership of the copyrights of the logo. For the following reasons, the Court finds that there is a genuine of material fact concerning copyright ownership that prohibits the Court from granting this motion.

Defendant argues that he is a co-owner of the copyright of the logo, and as such, he cannot be an infringer upon a work that he co-owns. (Doc. 31-1 at 2.). Defendant advances his contention that he is a co-owner through two theories: (1) that he and Plaintiff jointly created the work (Doc. 31-1 at 2); or (2) that the logo was a work for hire, owned by AA I and a part of its assets, and Defendant's ownership interest in AA I makes him a co-owner in the work. (Doc. 31-1 at 3.)

In the exercise of its constitutional authority, U.S. Const. Art I, § 8, cl. 8, amending several prior laws, Congress passed the Copyright Act of 1976, an Act for the general revision of the

Copyright Law, Title 17 of the United States Code, and for other purposes, Pub L. No. 94–553, 90 Stat. 2541 (Oct. 19, 1976). Under the Act, "[c]opyright in a work protected under this title vests initially in the author or authors of the work," and "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title." 17 U.S.C. §201(a)–(b); *Goodman v. Lee*, 815 F.2d 1030, 1032 n. 6 (5th Cir. 1987) (citing § 201 (a)); *Easter Seal Soc'y for Crippled Children & Adults of La., Inc. v. Playboy Enters.*, 815 F.2d 323, 328 (5th Cir. 1987) (citing § 201(b) and the definition of "work for hire" encoded in § 101(1)–(2)). A copyright arises—and the Act's protection attaches—once an "original work [] of authorship" has been "fixed in any tangible medium of expression, now known or later developed, for which . . . [it] can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a); *see also, e.g., Rodrigue v. Rodrigue*, 218 F.3d 432, 435–36 (5th Cir. 2000) ("[T]he author's copyright arises at the moment of creation of the work[.]"); H.R. Rep. No. 94-1476, at 51 (1976) (describing "originality and fixation in tangible form" as the "two fundamental criteria of copyright protection" established in § 102(a)).

### 1. Genuine issue of material fact regarding ownership of the copyright

In analyzing the matter at hand, the Court will first address Defendant's argument that the Logo was a joint work. As noted above, "[c]opyright in a work protected under this title vests initially in the author or *authors* of the work." 17 U.S.C. §201(a) (emphasis added). The rights of co-owners of a copyrighted joint work are well-established. As Defendant correctly notes, co-owners of a copyright cannot be liable to another co-owner for copyright infringement because each co-owner has an independent right to use or license use of the copyrighted work. *Quintanilla*, 139 F.3d at 498 (5th Cir. 1988); *Oddo v. Ries*, 743 F.2d 630, 632–33 (9th Cir. 1984); *Morrill* v.

12

*Smashing Pumpkins*, 157 F. Supp. 2d 1120, 1126 (C.D. Cal. 2001) (citing *Oddo*). However, this part of the inquiry turns upon the determination of what constitutes a "joint work."

"A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101; s*ee also, e.g., Quintanilla v. Texas Television Inc.,* 139 F.3d 494, 498 (5th Cir. 1998); *BTE v. Bonnecaze,* 43 F. Supp. 2d 619, 622 (E.D. La. 1999). The definition of a joint work also serves as a definition of a work of joint authorship. *Childress v. Taylor*, 945 F.2d 500, 505 (2d Cir. 1991) (citing 1 NIMMER ON COPYRIGHT § 6.01 (1991)). Under the Act, co-authors of a joint work are considered co-owners of a copyright in that work. 17 U.S.C. § 201(a); *see also, e.g., Goodman v. Lee,* 78 F.3d 1007, 1011 (5th Cir. 1996).

The joint work is dependent on the creation of the work by the joint authors, as well as the nature of the work. *Childress*, 945 F.2d at 505. "[A] work is 'joint' if the authors collaborated with each other, or if each of the authors prepared his or her contribution with the knowledge and intention that it would be merged with the contributions of other authors as 'inseparable or interdependent parts of a unitary whole.' " *Id.* (quoting H.R. Rep. No. 1476, 94th Cong., 2d Sess. 120 (1976)); S. Rep. No. 473, 94th Cong., 2d Sess. 103 (1975)). The linchpin of the statutory definition of a joint work "is the intention *at the time the writing is done* that the parts be absorbed or combined into an integrated unit." *BTE*, 43 F. Supp. 2d at 622 (quoting *Thomson v. Larson,* 147 F.3d 195, 199 (2d Cir. 1998) (citing H.R. Rep. No. 1476, 94th Cong. 120, 121 (1976)) (internal quotations omitted) (emphasis added); *see also Childress*, 945 F.2d at 505 ("[t]he touchstone here is the intention, at the time the writing is done[.]"). Furthermore, "parts of a unitary whole" are "interdependent" when they can have some meaning standing alone, but "achieve their primary significance because of their combined effect, as in the case of the words and music of a song."

13

*Childress*, 945 F.2d at 505 (citing *House Report* at 120; *Senate Report* at 103). The court in *Childress v. Taylor* promulgated a two-prong test used by courts to determine whether a contributor to a copyrighted work is entitled to be regarded as a joint author, which asks whether the party claiming joint authorship has established that the parties: "(1) made independently copyrightable contributions to work; and (2) fully intended to be co-authors." *Thomson*, 147 F.3d at 199–200 (citing *Childress*, 945 F.2d 500); *see also, Aillet, Fenner, Jolly & McClelland, Inc. v. U.L. Coleman Co.,* Ltd., 2012 WL 4450977, at *2 (W.D. La. Sept. 25, 2012); *BTE*, 43 F. Supp. 2d at 622–625.

While Defendant claims that the "design and creation of the logo at issue was a joint effort by [Defendant] and Plaintiff" (Doc. 31-1 at 2), he only supports this with a conclusory statement in his affidavit that the parties jointly designed the logo during their discussion in 2013–2014 regarding the formation of AA I. (Doc. 31-3 at 1.) However, Plaintiff squarely contends that he is the "sole creator, author, and owner" of the logo. (Doc. 47 at 1.) In support of this, Plaintiff has supplied the Court with statements from his verified complaint (Doc. 1 at 4); his Certificate of Registration, listing Plaintiff as the sole owner, copyright claimant, and the only person with rights and permissions to the logo (Doc. 47-2); and a screenshot of a computer image showing a document containing a picture of the logo with the time stamp "date of creation" on "Friday, March 28, 2014 at 1:07 PM." (Doc. 47-1.)

Although the Court does not find the computer image dispositive on the issue of the Plaintiff's sole creation, it certainly supports his position.  Furthermore, the Court is bound to give weight to the evidentiary value of the Certificate of Registration. Defendant correctly argues that registration of the logo is not a condition of copyright protection. (Doc. 31-1 at 4.) Under 17 U.S.C. §408(a), "the owner of copyright or of any exclusive right in the work *may* obtain a registration of

14

the copyright claim by delivering to the Copyright Office the deposit specified by this section, together with the application and fee specified by sections 409 and 708. Such registration is *not a condition of copyright protection*." (emphasis added). But, a certificate of registration creates a rebuttable presumption regarding the validity of the copyright and the facts stated in the certificate. *Norma Ribbon & Trimming, Inc. v. Little,* 51 F.3d 45, 47 (5th Cir. 1995); *Durham Indus., Inc. v. Tomy Corp.,* 630 F.2d 905, 908 (2d Cir. 1980) (stating that "[s]uch a certificate, if timely obtained, 'constitutes(s) prima facie evidence of the validity of the copyright and of the facts stated in the certificate.'") (citing 17 U.S.C. § 410(c)). Specifically, the presumption of validity extends to the ownership of the copyright. *Rogers v. Koons,* 960 F.2d 301, 306 (2d Cir. 1992) (citing *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.,* 780 F.2d 189, 192 (2d Cir. 1985). When there is evidence in the record that casts doubt on the validity of the certificate, validity should not be assumed. *See Durham,* 630 F.2d at 908.

Here, Plaintiff has provided the Court with a certificate which lists the Plaintiff as the sole owner of the copyright. Defendant argues that Plaintiffs registration with the Copyright Office without mentioning that the work is co-owned "appears to be fraud." (Doc. 31-1 at 4.) Yet, as previously mentioned, Defendant has provided this Court with no evidence of the logo's joint workmanship other than an affidavit with a conclusory statement that the parties jointly designed the logo. Thus, this Court cannot, under the two prong test enumerated in *Childress,* weigh at the summary judgment stage whether Defendant is entitled to be regarded as a joint author. Because of this, the Court also cannot conclude that the Plaintiff fraudulently registered the logo by failing to list Defendant as a co-author.

Even if the registration is invalid and the Court were not bound to follow the presumption of Plaintiff's ownership, there still exists a material issue of genuine fact regarding whether the

15

logo was jointly created by the parties or solely created by the Plaintiff. Again, Plaintiff specifically stated in his verified complaint that he created the logo at issue (Doc. 1 at 4), and the Court will treat this statement as summary judgement evidence. *See Lodge Hall Music,* 831 F.2d at 80. Therefore, summary judgment is not appropriate.

### 2. Works for Hire Doctrine not applicable

Defendant makes an alternative claim of co-ownership of the logo based on the argument that the logo was a "work for hire" under 17 U.S.C. § 201(b). (Doc. 31-3 at 3.) Defendant argues that even if Plaintiff was the sole author of the Logo, the purpose of the Logo was clearly created for AA I, and thus forms a part of AA I's assets, to which Defendant has an ownership claim. (Doc. 31-1 at 3.)

"In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title." 17 U.S.C. § 201(a). A work for hire is allowed in two circumstances:

> (1) a work prepared by an employee within the scope of his or her employment; or (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties *expressly agree in a written instrument* signed by them that the work shall be considered a work made for hire. For the purpose of the foregoing sentence, a "supplementary work" is a work prepared for publication as a secondary adjunct to a work by another author for the purpose of introducing, concluding, illustrating, explaining, revising, commenting upon, or assisting in the use of the other work, such as forewords, afterwords, pictorial illustrations, maps, charts, tables, editorial notes, musical arrangements, answer material for tests, bibliographies, appendixes, and indexes, and an "instructional text" is a literary, pictorial, or graphic work prepared for publication and with the purpose of use in systematic instructional activities.

17 U.S.C. § 101(emphasis added); *Cmty. for Creative Non-Violence v. Reid,* 490 U.S. 730, 738, 108 S. Ct. 2166, 2171, 104 L. Ed. 2d 811 (1989). Neither party suggests that there was a written

agreement that the logo was to be considered a work for hire, thus, the logo cannot be considered such under the second paragraph.

Furthermore, if Plaintiff is indeed the sole author of the logo, it cannot be said that he was an employee of AA I. In *Woods v. Resnick,* 725 F. Supp. 2d 809, 825 (W.D. Wis. 2010), the court found that the plaintiff, as 50% owner and member of the LLC, did not have an employee-employer relationship with the LLC. The court reasoned that a co-owner, "unlike an employee or independent contractor . . . has an inherent right to control the business." Similarly, Plaintiff here was a co-owner of AA I, not an employee.

Additionally, even if Plaintiff could be considered an employee of the AA I, it is undisputed that the creation of the logo took place before the formation of AA I. Therefore, the work for hire doctrine is also inapplicable under paragraph one. *See Billy-Bob Teeth, Inc. v. Novelty, Inc.,* 329 F.3d 586, 591 (7th Cir. 2003) (finding that plaintiff corporation could not claim a copyrighted work was made for hire because the plaintiff corporation did not exist at the time the work was created.)

Thus, because this Court cannot conclude that the logo was a work made for hire, it likewise cannot conclude that Defendant, through his ownership interest in AA I, had a co-ownership interest in the logo. As a result, the Court is bound to follow the presumption of validity of the copyright registration and of the ownership of the Plaintiff. Conversely, even if the certificate is invalid, there still exists the material issue of whether the logo was jointly or solely created.

### 3. There is a no evidence that the Logo is otherwise the property of AA I

Defendant contends that either the parties jointly, or Plaintiff in his sole capacity, contributed the Logo as a part of their capital contribution when forming AA I. (Doc. 31-1 at 3.) However, Defendant provides the Court with no evidence of this transfer of ownership. As

Defendant correctly points out, a transfer of copyright ownership requires an instrument of conveyance, or a note or memorandum of the transfer, in writing and signed by the copyright owner(s) or its agent. 17 U.S.C. § 204(a). Therefore, the Court cannot conclude that at any point, the ownership of the Logo was transferred to AA I, either from the parties jointly, or from the Plaintiff in his sole capacity.

### 4. The Court will exercise Supplemental Jurisdiction

Because the Court denies the Defendant's Motion for Summary Judgment regarding the copyright claim, the Court need not discuss the Defendant's claim of lack of jurisdiction over the Plaintiff's state law claims. The Court, in its discretion, will exercise supplemental jurisdiction over these claims.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Motion for Summary Judgment (Docs. 31, 32) filed by Defendant Chester Charles Malveaux is **DENIED**.

**IT IS FURTHER ORDERED** that a status conference is hereby assigned for **9:30 a.m.** on **Thursday, April 6, 2017** in chambers.

Signed in Baton Rouge, Louisiana, on February 24, 2017.


_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

18